HAROLD C. MANDERS et al., appellees, v. CONSOLIDATED INDEPENDENT SCHOOL DISTRICT OF COMMUNITY CENTER et al., appellants.

No. 47620.

(Reported in 43 N.W.2d 714)

AUGUST 1, 1950.

Emmert, James, Needham & Lindgren, of Des Moines, for appellants.

R. K. Craft, of Adel, for appellees.

HALE, J.—Plaintiffs brought action against the Consolidated Independent School District of Community Center and chairman and members of the school board (1) to compel defendants to close all country schools in the district, and (2) to furnish transportation and tuition for the children of the plaintiffs (all elementary pupils) in schools outside the district; (3) to pay transportation and tuition which had already been incurred, and (4) to provide a central building as provided by law. The petition further asked an injunction against the school board and members thereof, enjoining them from using the funds of the treasury for the maintenance and operation of the three country schools in the district.

Defendants filed answer admitting that they had not provided a suitable building nor any building for a central con-

solidated school, and also pleading laches and statute of limitations, to which plaintiffs filed a reply. On the issues thus joined the district court decreed that the three schools being operated by defendant school district be immediately closed, and that the defendants pay tuition as requested by the plaintiffs, but refused to order a central school to be established.

From the ruling as to a central school there is no appeal. As to all other issues defendants appealed and filed a supersedeas bond and this court issued a stay order. The case was submitted on the pleadings and a lengthy stipulation of facts. The following paragraphs or parts thereof are hereby admitted by the defendants:

That the Consolidated Independent School District of Community Center is a duly organized and existing school district under the laws of the state of Iowa, said district having been consolidated in 1920, and that Dale Wicks, Horton Hayes, James Sheehy, Leonard Snyder, and Virgil Marshall constitute the present members of the school board of said district, and that Herman Zobrist is the treasurer in said school district.

That said district was composed of five country school districts before consolidation in 1920 and after said consolidation said country school districts have been operated by the board elected in said consolidated school district, and at the present time said defendants are now operating three of said country schools located at various points in said districts.

That the board of said consolidated school district has not provided a suitable building for said district.

That certain children residing in said district are being furnished transportation and tuition to attend other schools outside of said district by said school board of said Consolidated Independent School District of Community Center.

That said tuition and transportation are being paid from the treasury of said district for said children, as well as the operation of the three country schools.

(Certain paragraphs recite the names of the plaintiffs and of the children who have been attending other schools, and that demand has been made on the consolidated district for the expense of transportation and tuition in the other schools. Such demand was refused.)

That school buses from the various schools in other districts pass the various residences of said children at this time so that said children have adequate transportation to said schools.

That the school board requested and received an opinion from the attorney general, which opinion advised the board.

That said board is now paying for said operation of the three country schools, including teachers' salaries, from the treasury of said district.

That demand has been made and is now made on said board to cease operating said country schools located in said district and to send the children in said district to other schools until such time as a central school building can be furnished.

That the plaintiffs have no plain, speedy and adequate remedy at law.

That the following answer of defendants is hereby admitted by the plaintiffs:

The defendant members of the school board of the Consolidated Independent School District of Community Center state that they have not provided a suitable building for a central consolidated school in said district as provided by section 276.24 of the 1946 Code of Iowa; further admit that immediately after the district was consolidated the board submitted to the electors of said district the proposition as set out in defendants' answer and that the vote against was fifty-eight and the vote for was two, and the proposition lost.

Plaintiffs admit that the only assets of said defendant district consists of five one-room wooden schoolhouses, approximately 20 by 30 feet, located as shown on plat, and which are of the aggregate value not in excess of $3000; cash in the treasury as of the first day of June, 1949, in the sum of $8438.78, plus an amount receivable from the treasurer of Dallas County, Iowa, out of the second installment of 1948 taxes, payable in 1949, of approximately $2730.63; that the district consists of twenty sections of land; that the assessed value of all the property in the district subject to taxation for school purposes on the first day of January, 1948, was $998,694, and that the new assessment was $1,916,761, and the moneys and credits $39,000.

Further admit that the total number of pupils of said district attending high school outside of it at this time is

eleven, and that the total number of elementary students attending school in the district is thirty-nine and the number of elementary students living in the district but attending school outside the district is twenty-six; that at the present time said school district is operating schools in what were formerly Colfax Independent District Nos. 2, 3 and 4, and that no schools are being conducted in schoolhouses formerly known as Colfax District Nos. 1 and 5; that in each of said former districts Nos. 1 and 5 there were less than six pupils presented themselves to attend said respective schools if opened; that the Consolidated Independent School District is paying the tuition and transportation of the pupils in the former said districts Nos. 1 and 5 to schools outside the district and in addition thereto said defendant school district is paying tuition and transportation of all high school students living in the district to attend schools outside the district; that the tuition and transportation for students living in former Colfax Independent District Nos. 1 and 5 were paid.

Plaintiffs admit that each of the plaintiffs at the respective time alleged in their petition was a resident of the former Colfax Independent District in which at respective times alleged there was maintained and operated a school attended by more than 6 pupils; that each student residing in the district is now attending public school; that the defendant board has entered into contracts with three teachers to teach the three schools which it is operating.

Defendants recite that they received requests from several of the parents for assignment of their children to certain schools, which had been refused.

It is stipulated that demands had been made by plaintiffs that a suitable central building be furnished.

The stipulation recites that the superintendent of the Adel Independent School District, if called as a witness, would testify that his school is willing and able to accept part or all of the students now residing in the defendant district.

It further recites the boundaries of the consolidated district, and states that bus routes are maintained by adjoining consolidated districts, but that no school buses are now maintained or operated by the defendant school district.

It is further stipulated that there are thirteen elementary pupils in what was formerly Colfax District No. 5, that there are ten elementary pupils in what was formerly Colfax District No. 1, and that there were less than six pupils who presented themselves to attend said respective schools, if opened; that all of the plaintiffs are personally interested in this action; that none of the plaintiffs lived, at the times involved, more than two miles from one of the various country schools which were opened and operated by the defendant school board.

Other paragraphs recite what defendants would testify if called on as witnesses, under objections. They refer to the cost of a central building, the improbability of it being authorized by a vote of the district, the practice of paying tuition when less than six pupils presented themselves for attendance at the schoolhouse; that the manner of conducting the schools was the best procedure and practice available to the board in the absence of statute; that other school districts in the state were faced with the same situation, and the defendants' good faith.

It is further stipulated that the amount of tuition and transportation due Washington Township Consolidated School District for the children of Milford A. Sheaffer for the school year of 1948-1949 is in the sum of $127.71 and that the same remains unpaid; that the amount of tuition and transportation due Adel Independent School District for the children of Lawrence Sheaffer for the school year of 1948-1949 is in the sum of $180 and that the same remains unpaid; that the amount of tuition and transportation due Adel Independent School District for the child of Harold C. Manders for the school year of 1948-1949 is in the sum of $147.68 and that the same remains unpaid.

On November 3, 1949, the cause was tried on the pleadings and stipulated facts, and the court found that no writ of mandamus issue against the defendants to provide a central building in said consolidated school district (from which part of the order and decree no appeal was taken). The court ordered that the defendants immediately close all country schools now being operated in said district until such time as a suitable central

building is provided in said district or until such time as said consolidated district is disbanded.

It was further ordered that the defendant school district pay the transportation and tuition of children to other schools or schools outside of the district. The decree further ordered that the defendant school district pay plaintiffs' tuition and transportation which they have advanced to other school or schools, and to further pay tuition and transportation which has been incurred in other school or schools and which now remains unpaid. And it was ordered that a writ of mandamus issue under the "seal of this court" directed to said defendants to comply with the decree. Supersedeas bond having been filed and approved the Supreme Court on November 29, 1949 entered a stay order. From the rulings of the court adverse to them defendants appeal to this court.

I. The first contention of the defendant Consolidated Independent School District is that such district, after the electors of the district by vote refused funds by which to build a central building, has a right to operate the existing school facilities wherever located, and the court erred in enjoining said operations. The defendant district argues that the legislature has recognized this right by passing a statute prescribing rules for transporting pupils in and by such districts. It further argues that even if there were no statutory recognition, a consolidated school district such as this has implied power to operate such schools as are available in the district for its pupils. It further argues that the plaintiffs are estopped by laches and barred by the statute of limitations.

The statute referred to by defendants was passed by the Fifty-third General Assembly as chapter 116, section 1, paragraph 1c, effective July 4, 1949, and is now section 285.1(1c), Code of 1950. It seems to have been enacted for districts such as the one in controversy and provides that "elementary pupils residing in * * * a consolidated district not operating a central school, when the school in the district or subdistrict is in operation, must live more than two miles from the school in their own district or subdistrict to be entitled to transportation." Now it is admitted in the stipulation that all the pupils

referred to in the present controversy do reside less than two miles from the three schools now in operation.

For many years there was no statutory provision for pupils in districts such as the present one, or those similarly situated, and yet the boards of such districts maintain the schools. They could not have done otherwise. A school district must provide in some manner for the education of students of proper age and living within such district. The directors of such a district could not, if they perform the duty for which they were elected, deprive the children of the right to schooling. If no statute exactly fitted the situation in which they found themselves, nevertheless it was their duty to see that in some manner schooling was provided. Lacking the central school, which had been refused by the electors of the district, we are satisfied, in applying and using the facilities that already existed, they were doing no more and no less than their duty. Even if a central school had been provided by a vote of the people there would, nevertheless, have been a considerable interval elapse before such school could have been built and made available for use. In such case undoubtedly the directors of the district would have been fully justified in continuing the use of the original school buildings, which existed before the consolidation, by vote of the consolidated district. If during that interval it was their duty, it was as much their duty while no central building had been provided. The Fifty-third General Assembly recognized this difficulty and provided that to be entitled to transportation the children must live more than two miles from the school in their own district or subdistrict, thus indicating that where school facilities exist they may be used.

If the court had held that the school district had no implied power to operate certain schools already in existence in its district, since there was no express statutory provision authorizing such, the court, by applying that rule, would have been compelled to hold that the pupils could not be sent outside the district. There is no statutory authority to support the trial court's order directing a consolidated district to transport these children outside of the district or to pay their tuition in schools outside of the district. The schools were available and within

two miles of all of the plaintiffs' children, and, as indicated by the statutory enactment, were to be used.

We are satisfied that in the absence of a central school the defendant school board has authority to operate the three schools and the injunction of the district court forbidding the operation cannot stand.

II. Plaintiffs asked and the court granted their request, and directed the consolidated district to refund to the plaintiffs transportation and tuition paid by them for school facilities outside the district. There is no showing of any promise or order for the payment of such tuition. There is no statute compelling the district to pay such transportation and tuition when the district operated schools within two miles of the residence of the pupils.

We have held that the school district was authorized to and legally conducted such schools when there were school facilities provided in the three schools operated. Plaintiffs have cited no authority holding that the district board has the right to send elementary pupils outside of the district when school facilities were provided within, and there is nothing in the record to show that such facilities were not equal to those provided in schools outside the consolidated district entirely. The only authority to transport elementary pupils residing in a consolidated district such as the one involved here is found in chapter 116, section 1, paragraph 1c, Fifty-third General Assembly (section 285.1(1c), Code of 1950) heretofore cited.

Of course when an elementary school is closed for lack of pupils, as in districts 1 and 5, such authority exists, but there is no authority for the transportation of children residing in districts 2, 3 and 4, all of whom, as shown by stipulation, reside within two miles of the present operating schools. No power so to do can be implied while at the same time refusing to sanction an implied power of operating more than one school within the consolidated district.

Defendants further raise the question of the application of the statute of limitations and the question of laches to this action, and argue to some extent the laches of the plaintiffs in bringing this action after twenty-seven years. Under our present holding the plaintiffs are not and have not been entitled to the

relief applied for. Therefore, we see no reason to consider or discuss the question of limitation.

Our holding must be that the court was in error in its holdings compelling defendants to close country schools in the district, requiring defendant board of directors to furnish transportation for the children of the plaintiffs to schools outside the district, and in requiring the district to pay transportation and tuition which had already been incurred.

The ruling of the court in the case is therefore reversed as to the above issues presented to this court.—Reversed.

All JUSTICES concur.